UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HEAVEN BENJAMIN,

                Plaintiff,

-against-

RMSC WARDEN (JOHN DOE); RMSC GREIVANCE WORKER (JANE DOE),

                Defendants.

1:24-CV-4098 (LTS)

ORDER TO AMEND

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Heaven Benjamin, who alleges that she is a convicted and sentenced prisoner currently incarcerated in the Rose M. Singer Center ("RMSC") on Rikers Island, brings this action *pro se*.[1] Plaintiff sues the RMSC Warden and an unidentified "RMSC Grievance Worker (Jane Doe)." She alleges that the defendants have violated her federal constitutional rights and she seeks damages. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law.

      By order dated July 30, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a

---

[1] According to the New York City Department of Correction, Plaintiff is identified as "Kevin Brown," and was released from custody on September 3, 2024.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id*. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine

whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following: Starting in January 2024, while Plaintiff has been held in facilities on Rikers Island, she has "been placed on mattresses which are clearly inhumane and meant only to be used without foundations; they are floor mats. Since being on said mattresses, [she has] experienced severe back pain[] and developed lack of feeling[] in both legs." (ECF 1, at 4.) She states that she is "also not being able to exhaust [her] remedial process through grievance; being told in retaliatory mannerism by said grievance co[or]dinator 'You will not be suing on my watch.'" (*Id.*) Plaintiff further alleges that her legal research materials have been stolen.

## DISCUSSION

### A.   Conditions-of-confinement claims under Section 1983

The Court construes the complaint as asserting that, while she had been held in New York City Department of Correction ("DOC") facilities on Rikers Island, Plaintiff has been subjected to conditions that pose a serious threat to her health or safety with regard to the mattresses issued to her. Because Plaintiff alleges that she is a convicted prisoner, any claims that she asserts under Section 1983 contesting her conditions of confinement arise under the Eighth Amendment's Cruel and Unusual Punishment Clause. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

To state a conditions-of-confinement claim, a prisoner must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious to pose an unreasonable risk to her health or safety, and (2) a "mental" element, which requires a showing that a correction official acted with at least deliberate indifference to the challenged conditions. *See id.* at 29-33.

3

The objective element of a conditions-of-confinement claim under Section 1983 is the same for a pretrial detainee and a convicted prisoner – "'the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to [her] health'" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). "[O]fficials violate the Constitution when they deprive an inmate of [her] basic human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker*, 717 F.3d at 125 (internal quotation marks and citation omitted).

With respect to the second element – the "subjective" or "mental" element – a convicted prisoner must allege that a correction or custodial official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Darnell*, 849 F.3d at 32 (quoting *Farmer*, 511 U.S. at 837 (internal quotation marks omitted)). The mere negligence of an official is not a basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

"[S]leep is critical to human existence, and conditions that prevent sleep have been held to violate the Eighth Amendment." *Walker*, 717 F.3d at 126. By contrast, routine discomforts that merely interfere with sleep do not rise to the level of a constitutional deprivation. *See Mena v. City of New York*, No. 13-CV-2430 (RJS), 2014 WL 4652570, at *5 (S.D.N.Y. Sept. 18, 2014) (distinguishing conditions that resulted in a complete deprivation of sleep from those that merely

interfered with sleep). In other words, "the Eighth Amendment does not mandate comfortable . . . beds." *Youmans v. Schriro*, No. 12-CV-3690 (PAE) (JCF), 2013 WL 6284422, at *5 (S.D.N.Y. Dec. 3, 2013) (internal quotation marks and citation omitted); *Bell v. Luna*, 856 F. Supp. 2d 388, 396 (D. Conn. 2012) ("[T]he Constitution does not call for pillowtop mattresses in prisons."). Yet, "a prisoner could . . . [state a Section 1983 conditions-of-confinement claim if she could] show that . . . [her serious] medical condition was itself created by an inadequate bed or mattress and that an official who became aware of the situation failed to remedy it." *Youmans*, 2013 WL 6284422, at *5.

Even if the Court were to assume that Plaintiff's allegations satisfied the objective requirement by showing that the abovementioned mattresses caused her serious medical conditions, she has alleged insufficient facts as to whether a DOC official became aware of her situation, but failed to remedy it. Specifically, Plaintiff has alleged insufficient facts to show that an official knew of and disregarded an excessive risk to Plaintiff's health or safety regarding the mattresses and that the official was both aware of facts from which the inference could be drawn that a substantial risk of serious harm to Plaintiff existed because of the mattresses and then drew such an inference and nonetheless failed to take appropriate action.[3] *See Farmer*, 511 U.S. at 837. Accordingly, Plaintiff's allegations regarding the DOC-provided mattresses fail to state a claim on which relief can be granted.[4] Thus, the Court dismisses Plaintiff's conditions-of-

---

[3] The Court notes that Plaintiff has attached to her complaint a copy of a grievance she seems to have filed concerning the medical conditions she allegedly experienced as a result of lying on DOC-provided mattresses. (ECF 1, at 7.) She does not allege, however, who the grievance was submitted to and what that official did or did not do in response to that grievance. Conversely, within her complaint's statement of claim, she alleges that she was not allowed to file grievances. (*Id.* at 4.)

[4] Plaintiff seems to argue that the mattresses are labeled with a tag that states that they are to be used without a foundation (ECF 1, at 4, 8), that is, without a box spring, *see* 16 C.F.R. § 1633.2(b) ("Foundation means a ticking covered structure used to support a mattress or sleep

5

confinement claims brought under Section 1983 for that reason. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff leave to provide facts in an amended complaint, should any such facts exist, to support a claim that her constitutional rights have been violated in connection with the mattresses provided to her while she has been held in DOC facilities.

B.     **Access-to-the-courts claims under Section 1983**

The Court liberally construes Plaintiff's allegations as also asserting claims, under Section 1983, that DOC officials, including the RMSC Grievance Coordinator or Defendant "RMSC Grievance Worker (Jane Doe)," have denied Plaintiff access to the courts with respect to her conditions-of-confinement claims. These types of access-to-the-courts claims are grounded in a prisoner's First Amendment rights to "adequate, effective[,] and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977), *abrogated on other grounds*, *Lewis v. Casey*, 518 U.S. 343 (1996). Prisoners have a "constitutional right of access to the courts [that] gives rise to a number of derivative rights, including the right to access legal materials to prepare a case, and the right of indigent inmates to be provided with paper and pens to draft legal documents and stamps to mail them." *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (citing *Bounds*, 430 U.S. at 824-28). Protecting these rights "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bourdon v. Loughren*, 386 F.3d 88, 92 (2d Cir. 2004) (quoting *Bounds*, 430 U.S. at 828 (internal quotation

---

surface. The structure may include constructed frames, foam, box springs, or other materials, used alone or in combination."). While Plaintiff asserts that the mattresses at issue are "floor mats" (ECF 1, at 4), a court has explained that such a tag warning on mattresses "relates to fire safety, not to chiropractic health." *Youmans*, 2013 WL 6284422, at *2.

6

marks omitted)). Assistance from prison authorities, however, is "only [a] means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Casey*, 518 U.S. at 351 (internal quotation marks and citation omitted).

To state a claim of denial of access to the courts, a plaintiff must allege facts showing that: "the defendant took or was responsible for actions that hindered [a plaintiff's] efforts to pursue a legal claim." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (internal quotation marks and citation omitted, alteration in original); *see Christopher v. Harbury*, 536 U.S. 403, 415 (2002). A plaintiff must show actual injury with regard to her legal claim – "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Casey*, 518 U.S. at 348 (internal quotation marks and citation omitted). To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the access-to-the-courts claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions. *See Harbury*, 536 U.S. at 415. A "delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (citing *Jones v. Smith*, 784 F.2d 149, 151-52 (2d Cir. 1986)). Furthermore, when a prisoner with appointed counsel claims that prison officials hindered her efforts to defend herself or pursue other legal claims, "[s]he must show that, on the facts of [her] case, the provision of counsel did not furnish [her] with the capability of bringing [her] challenges before the courts." *Bourdon*, 386 F.3d at 98.

Here, Plaintiff appears to be asserting claims that DOC officials have hindered her efforts to bring conditions-of-confinement claims. Plaintiff does not, however, allege facts sufficient to show that she is pursuing a "'nonfrivolous,' 'arguable' underlying claim," which has been hampered by those DOC officials, especially given that: (1) Plaintiff has asserted such claims

7

before the court in the present action; and (2) the Court has held above that her current complaint submission does not state a claim on which relief may be granted. *See Harbury*, 536 U.S. at 415. Accordingly, the Court dismisses Plaintiff's access-to-the-courts claims under Section 1983, also for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead such claims in an amended complaint. Plaintiff must allege facts suggesting that she was hindered from pursuing an arguably meritorious legal claim for which she is not represented by counsel.

**C.     Personal involvement**

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff alleges no facts showing how the RMSC Warden has been directly and personally involved with the alleged violations of Plaintiff's federal constitutional rights. The Court grants Plaintiff leave to file an amended complaint in which she names as defendants only those individuals who have been directly and personally involved with the alleged violations of

8

her federal constitutional rights and alleges facts in support of their direct and personal involvement.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege facts sufficient to state the claims under Section 1983 discussed above, the Court grants her 60 days' leave to amend her complaint to detail those claims, as specified above.

First, Plaintiff must name as the defendants in the caption[5] and in the statement of claim those individuals who were allegedly directly and personally involved in the deprivation of her federal rights. If Plaintiff does not know the name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[6] The

---

[5] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, she should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[6] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2024, at the Sullivan Correctional Facility clinic, during the 7 a.m. to 3 p.m. shift."

naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the three-year statute of limitations period governing Plaintiff's claims under Section 1983, and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending her complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

Second, in the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, she must provide it. Plaintiff should include all of the information in the amended complaint that she wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:24-CV-4098 (LTS). An amended complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will dismiss this action; the Court will dismiss Plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and will decline to consider, under its supplemental jurisdiction, Plaintiff's claims under state law, *see* 28 U.S.C. § 1367(c)(3).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  September 12, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge